FILED
2008 MAR 21  PM 2:04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

HOUMAN FAKHIMI, SBN 195638
**FAKHIMI & ASSOCIATES**
3 Hutton Centre Dr, Suite 620
Santa Ana, CA  92707
Telephone: 714-542-2188
Facsimile:  714-542-3119
Email: hfakhimi@lawhf.com

Attorneys for Plaintiffs, JOSE CAMARENA
individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CAMARENA, on his own behalf and on behalf of a class of similarly situated persons pursuant and on behalf of the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>DANDEE TRANSPORTATION, a California Corporation.<br><br>Defendant. | Case No. **CV08-01920 SJO (JWJ)**<br><br>**COLLECTIVE AND CLASS ACTIONS**<br><br>COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [29 U.S.C. §201 et seq.] AND (2) VIOLATIONS OF UNFAIR COMPETITION ACT [California B&P §17200 et seq.]<br><br>DEMAND FOR JURY TRIAL |

Plaintiff JOSE CAMARENA on his own behalf, on behalf of all other similarly situated and interested persons, and on behalf of the General Public (collectively "Plaintiffs"), hereby complain and allege as follows:

### INTRODUCTION

1.  By this Complaint, Plaintiffs seek to redress Defendant DANDEE TRANSPORTATION's failure to pay wages as required by law. This Complaint is brought

COMPLAINT
- 1 -

1. pursuant to the laws of the United States and the State of California seeking unpaid wages, penalties, liquidated damages, restitution, attorneys' fees and costs of suit and asserting causes of action for violation of the Fair Labor Standards Act, 29 U.S.C. section 207, and California Business & Professions Code sections 17200 et seq.

## JURISDICTION

2. This court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. section 216, 28 U.S.C. 1331 and 1337 as the controversy arises under the Fair Labor Standard Acts of 1938 ("FLSA"), 29 U.S.C. section 201 et seq. In addition, this Court has the authority to determine Plaintiffs' state claims pursuant to its supplemental jurisdiction under 28 U.S.C. section 1367.

## VENUE

3. Venue is proper in the Central District of California pursuant to 28 U.S. section 1391(b) because Defendant conducts business in this district and a substantial part of the acts, events, or omissions giving rise to the action occurred in this district. Intra-district venue is appropriate in the Los Angeles Division as Defendant maintains a place of business at 777 West 90th Street, Gardena, CA, where a substantial part of the acts, events, or omissions alleged herein occurred.

## PARTIES

4. Plaintiff JOSE CAMARENA is, and at all times material herein was, a resident of the State of California. At the time of the events giving rise to this suit, CAMARENA was employed by Defendant in Los Angeles County, California.

COMPLAINT

- 2 -

5.  Defendant DANDEE TRANSPORTATION is, and at all times material herein was, a California corporation engaged in the transportation and delivery of petroleum products in the State of California. DANDEE maintains offices, depots and distribution centers in various cities throughout the State of California, including Chico, Benicia, Stockton, Fresno, Salinas, Santa Maria, Bakersfield, Oxnard, Paso Robles and Sacramento.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

6.  Plaintiffs brings the First Cause of Action as a collective action pursuant to 29 U.S.C. section 216(b) on behalf of all other similarly situated persons currently and formerly employed by Defendant as truck drivers and substantially equivalent positions during the relevant statutory period to recover form Defendant unpaid overtime compensation, liquidated damages and/or any other recovery authorized under the FLSA.

### COLLECTIVE, CLASS AND REPRESENTATIVE ACTION ALLEGATIONS

7.  The named plaintiffs bring this action, individually and on behalf of all current and former truck drivers employed by defendants, as an "opt-in" collective action pursuant to 29 U.S.C. §216 (b) and as an "opt-out" class action pursuant to F.R.C.P. 23 (or, in the alternative, as a representative action pursuant to Business and Professions Code §17204).

8.  The "opt-in" class (hereinafter Class 1) that the plaintiffs seek to form and represent in the First Cause of Action is composed of and defined as follows:

> Class 1
>
> All persons who are employed or have been employed by defendants in the State of California who, within

COMPLAINT

-3-

three (3) years of the filing of this complaint and to the date of trial (liability period 1), have worked as a truck driver hauling gasoline and other by products of oil to gas stations and/or warehouses solely within the State of California and have worked in excess of forty (40) hours per week without being paid overtime compensation by defendants for those excess hours.

9. The plaintiffs are similarly-situated to the members of Class 1 in that plaintiffs (a) were employed by defendants during liability period 1 as truck drivers; (b) regularly worked in excess of forty (40) hours per week but were not paid overtime therefore and (c) drove in intrastate transportation.

10. The "opt-out" class (hereinafter Class 2) that the plaintiffs seek to certify and represent in the Second, Third, Fourth, Fifth and Fourth Causes of Action is composed of and defined as follows:

Class 2

All persons who are employed or have been employed by defendants in the State of California who, within four (4) years of the filing of this complaint and to the date of trial (liability period 2), have worked as a truck driver hauling gasoline or its by products to gas stations, and/or warehouses solely within the State of California and have worked in excess of

COMPLAINT

- 4 -

forty (40) hours per week without being paid overtime compensation by defendants for those excess hours.

11. As to Class 2 ( and Class 1), the requirements of F. R. C. P. 23 are satisfied in that there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. In addition, the following requirements are satisfied:

    a.    <u>Numerosity</u>. The potential members of Class 2 (and Class 1) as defined are so numerous that joinder of all of the members of the class is impracticable.

While the precise number of class members has not been determined at this time, plaintiffs are informed and believe that defendants have employed more than fifty (50) persons as truck drivers in California during liability period 2, who are or have been affected by defendants' policy of requiring such truck drivers to work in excess of forty (40) hours per week without paying compensation.

    b.    <u>Commonality</u>. These are questions of law and fact common to Class 2 (and Class 1) that predominate over any questions affecting only individual members of Class 2 (and Class 1). These common questions of law and fact include without limitation:

        i.    Whether defendants violation Section 17200 et seq. of the California Business and Professions Code by failing to pay overtime compensation to truck drivers who drove in intrastate transportation in excess of forty (40) hours per week, whether defendants failed to pay Plaintiffs as per California's Labor code.

COMPLAINT

c. <u>Typicality</u>. The claims of the plaintiffs are typical of the claims in Class 2 (and Class 1). Plaintiffs and all members of Class 2 sustained economic damages arising out of and caused by defendant's common course of conduct in violation of law as alleged herein.

d. <u>Adequacy of Representation</u>. Plaintiffs are members of Class 2 (and Class 1) and will fairly and adequately represent and protect the interests of the members of Class 2 (and Class 1) Counsel who represent the plaintiff is competent and experienced in litigating employment-related cases, including wage and hour class actions.

e. <u>Superiority of Class Action</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class 2 (and Class 1) members is not practicable, and questions of law and fact common to Class 2 (and Class 1) predominate over any questions affecting only individual members of Class 2 (and Class 1.) Each member of Class 2 has been economically damaged and is entitled to recovery by reason of defendants' illegal policy and/or practice of requiring truck drivers who drove in intrastate transportation to work in excess of forty (40) hours per week without paying overtime compensation. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## GENERAL ALLEGATIONS

12. Defendants are, and at all times relevant herein were, business entities engaged in the intrastate transportation industry in the State of California, with business operations in Gardena, California in the Central District of California for the United States District Court. At all times relevant herein, the principal business of said defendants consisted of the intrastate transportation, wholly within the State of California, of refined gasoline to gas stations and warehouses, which business activities involved the production of goods for interstate commerce and/or affected interstate commerce. During the relevant statutory period, Defendant required or permitted truck drivers and those in substantially equivalent positions to work more than eight (8) and twelve (12) hours in a day and more than forty (40) hours in a week. Despite this, Defendant failed to properly compensate Plaintiffs for those hours, as required by the FLSA and the laws of the State of California as more thoroughly set forth herein.

13. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendant was advised by skilled and competent lawyers and other professionals, employees and advisors knowledgeable about the requirements of the FLSA and California law regarding the payment of overtime compensation to eligible employees. Therefore, Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendant knew it had a duty to compensate Plaintiffs at the overtime rates required by the FLSA and

California law, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed and refused to do so.

### FIRST CAUSE OF ACTION
(29 U.S.C Section 201 et seq.)

14. The allegations of paragraphs 1-13 above are realleged and incorporated herein by reference.

15. Plaintiff, was employed by defendants during liability period 1 as a truck driver. He regularly worked in excess of forty (40) hours per week. His principal duties consisted of the intrastate transportation, wholly within the State of California, of gasoline to gas stations and warehouses, which duties involved the production of goods for interstate commerce and/or which affected interstate commerce.

16. During liability period 1, pursuant to the provisions the Fair Labor Standards Act (29 U.S.C. Sections 206 and 207) and regulations thereunder, plaintiffs and Class 1 were entitled to overtime compensation for hours worked in excess of forty (40) per week but defendants failed to pay plaintiff and Class 1 overtime compensation.

17. Such failure was willful within the meaning of 29 U.S.C. Section 255 (a).

WHEREFORE, plaintiff and Class 1 request relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Calif. B&P Code Section 17200 et seq.)

18. The allegations of paragraphs 1-17 above are realleged and incorporated herein by reference.

COMPLAINT

- 8 -

19. Plaintiffs, was employed by defendants during liability period 2 as a truck driver. He regularly worked in excess of forty (40) hours per week. His principal duties consisted of the intrastate transportation, wholly within the State of California, of gasoline to gas stations and warehouses, which duties involved the production of goods for interstate commerce and/or which affected interstate commerce.

20. During liability period 2, plaintiffs and Class 2 were entitled to overtime compensation pursuant to 29 U. S. C. § 201 et seq. for hours worked in excess of forty (40) per week but defendants failed to pay overtime compensation. Furthermore, Defendants were required to pay Plaintiffs as per the California Labor Code which they failed to do. Said failure constitutes an unfair and unlawful business practice under California Business and Profession Code Sections 17200 et seq.

21. As a result of said unfair and unlawful business practice, defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of plaintiff and Class 2. Defendants should be enjoined from continuing these unfair business practices and made to disgorge their ill-gotten gains and return to plaintiff and Class 2 the wrongfully withheld overtime compensation.

WHEREFORE, plaintiff and Class 2 request relief as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray, on behalf of themselves and all other similarly situated persons, for relief and judgment against Defendant as follows:

COMPLAINT

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the class; and

3. That Counsel for Plaintiffs be appointed as a class counsel.

As to the First Cause of Action

1. All losses and damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. section 216(b) according to proof at trial;

2. Attorneys' fees and costs pursuant to 29 U.S.C. section 216(b); and

3. Any and all other relief, including equitable relief, as the Court may deem just and proper.

As to the Second Cause of Action

1. For unpaid wages at overtime rates, and such general and special damages as may be appropriate;

2. For pre-judgment interest on any unpaid overtime compensation due from the day such amounts were due;

3. For Statutory penalties to California Labor Code sections 203 and 558;

4. For reasonable attorneys' fees pursuant to California Labor Code sections 218.5 and 1194;

5. For costs of suit incurred herein;

6. For restitution equal to the sum of Plaintiffs' earned but unpaid wages, according to proof; and

7. For an Injunctive Relief to prevent further violation of the laws stated herein

8. For such other and further relief as the Court may deem appropriate.

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATE: March 14, 2008

FAKHIMI & ASSOCIATES

HOUMAN FAKHIMI
Attorney for Plaintiff
individually and on behalf of
all others similarly-situated

COMPLAINT

- 11 -

# United States District Court

## Central District of California

Jose Camarena, on his own behalf and on behalf of a class of similarly situated persons pursuant and on behalf of the General Public,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

DanDee Transportation, a California Corporation.

**CV08-01920 SJO (JWJx)**

TO: (Name and address of Defendant)
DanDee Transportation, a California Corporation.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Houman Fakhimi, SBN 195638
3 Hutton Centre Dr.
Suite 620
Santa Ana, CA 92707

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SHERRI R. CARTER

MAR 21 2008

CLERK

DATE

NATALIE LONGORIA

(By) DEPUTY CLERK

1198

AO-440

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Jose Camarena, on his own behalf and on behalf of a class of similarly situated persons

**DEFENDANTS**
DanDee Transportation, a California Corporation

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Los Angeles

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Houman Fakhimi SNB 195638
Fakhimi & Associates
3 Hutton Centre Dr.
Suite 620
Santa Ana, CA 92707

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☒ Yes ☐ No ☐ MONEY DEMANDED IN COMPLAINT: $ No Sum Specific

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Overtime compensation 29 U.S.C. et seq.-Plaintiff worked in excess of forty (40) hours per week and was not paid 2) CA Bus & P 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument |  | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle |  | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting |  | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits |  | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability |  |  | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise |  | ☐ 444 Welfare |  | ☐ 862 Black Lung (923) |
|  | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation |  |  |  | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure |  |  | ☐ 640 R.R. & Truck | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment |  | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice | ☐ 240 Torts to Land |  |  | ☐ 660 Occupational Safety/Health | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 245 Tort Product Liability |  | ☐ 440 Other Civil Rights |  |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  | ☐ 690 Other | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY: Case Number: **CV08-01920**

CV-71 (07/05)     CIVIL COVER SHEET     Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?   [x] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles

List the California County, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Houman Fakhimi_    Date 3/12/08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

## CV08- 1920 SJO (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY