JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CAMARENA, | NO. CV 08-01920 SJO (JWJx) |
| Plaintiff, | **ORDER GRANTING THE PARTIES' STIPULATION FOR TRANSFER** |
| v. | [Docket No. 10] |
| DANDEE TRANSPORTATION, | |
| Defendant. | |

This matter is before the Court on Defendant Dandee Transportation ("Dandee") and Plaintiff Jose Camarena's stipulation to transfer this case to the Eastern District of California (the "Stipulation"), filed June 26, 2008. Because the case is transferrable under 28 U.S.C. § 1404(a), the parties' Stipulation is GRANTED.

"[Section] 1404(a) transfers may not be made simply by stipulation . . . ." *White v. Abco Eng'g Corp.*, 199 F.3d 140, 142 (3d Cir. 1999). "[R]ather, the [district court] must engage in the requisite independent balancing of the § 1404(a) factors." *Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller (Miami) Inc.*, Civ. No. 05-5197, 2006 U.S. Dist. LEXIS 47900, at *4 (D.N.J. July 13, 2006). In balancing these factors, the court may consider facts to which the parties have stipulated. *Kisko v. Penn Cent. Transp. Co.*, 408 F. Supp. 984, 986 (M.D. Pa. 1976).

A district court may transfer a civil case to any other district where it might have been brought "for the convenience of parties and witnesses [and] in the interest of justice . . . ." 28

U.S.C. § 1404(a). In determining whether transfer is appropriate, the district court must examine the private interests of the litigants – such as the location of evidence and witnesses – and factors of public interest – such as judicial efficiency. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Here, the parties jointly request for the Court to transfer Camarena's case to the Eastern District of California. First, Camarena's case could have been brought in the Eastern District. Camarena invokes federal question jurisdiction. (Compl. ¶ 2.) Furthermore, Dandee is subject to personal jurisdiction in California and venue is proper in the Eastern District because Dandee's main office is located within that district. (Stipulation 2.)

Second, the private and public interests are served by transfer. A related case is pending in the Eastern District, and the parties seek to consolidate this case with the pending case to conserve time, money, and judicial resources. (Stipulation 2.) Dandee's main office and "the majority, if not all, of the relevant documents and witnesses are located within the jurisdiction of the Eastern District . . . ." (Stipulation 2.)

Accordingly, the parties' Stipulation is GRANTED. This case is TRANSFERRED to the Eastern District of California.

IT IS SO ORDERED.

Dated this 10th day of July, 2008.                    /S/ S. James Otero

                                                      S. JAMES OTERO
                                                      UNITED STATES DISTRICT JUDGE